# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

AIRCRAFT FUELING SYSTEMS, INC., )
)
        Plaintiff, )
)
v. ) Case No. 08-CV-414-GKF-FHM
)
SOUTHWEST AIRLINES CO., )
)
        Defendant. )

## OPINION AND ORDER

Before the court is the Motion for Leave to File Amended Complaint filed by plaintiff, Aircraft Fueling Systems, Inc. ("AFS"). [Dkt. #124]. AFS seeks leave to amend its complaint to add claims against defendant Southwest Airlines Co. ("Southwest") for tortious breach of the implied duty of good faith and fair dealing, constructive fraud, and negligent misrepresentation; to seek punitive damages; and to eliminate claims or allegations previously ruled on by the court. Defendants oppose the motion.

### I. Background/Procedural Status

AFS, a former Southwest contractor, filed suit in state court on June 10, 2008, asserting claims for breach of contract, quantum meruit and indemnity against Southwest. Southwest removed the case to federal court on July 18, 2008, and subsequently filed an answer and counterclaim. The parties filed motions for partial summary judgment, and after extensive briefing and multiple hearings,[1] the court ruled on the motions. Those rulings substantially narrowed the scope of issues to be tried.

The deadline for filing motions to amend was October 21, 2010; discovery cutoff was

---

[1] Hearings on the summary judgment motions were held December 4, 2009 [Dkt. #60], May 6, 2010 [Dkt. #67] and September 14, 2010 [Dkt. #76].

April 29, 2011; and trial was set for August 15, 2011. [Dkt. #77]. On June 16 and 17, 2011, new counsel for plaintiff entered appearances and existing counsel withdrew. [Dkt. ##111-115]. On June 20, 2011, plaintiff filed an opposed motion to extend the trial date due to scheduling conflicts of its new attorneys. That motion was granted, and trial was set for October 17, 2011. [Dkt. ##116, 119]. Subsequently, the court denied, in large part, a motion by plaintiff to extend discovery. [Dkt. ##123, 138].

## II. Analysis

Under Fed.R.Civ.P. 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires." Additionally, however, both Fed.R.Civ.P. 16(b)(4) and the scheduling orders entered in this case provide that schedules may be modified only for "good cause."

"The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion, Fed.R.C.iv.P. 15(a), and will not be disturbed absent an abuse of that discretion." *Woolsey v. Marion Lab., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (citations omitted). Refusal of a request to amend is appropriate "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City and County of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005).

### A. Undue Delay

A court may deny leave to amend "when the party filing the motion has no adequate explanation for the delay." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006). Indeed, 'untimeliness alone may be a sufficient basis for denial of leave to amend.'" *Woolsey,* 934 F.2d at 1462 (citing *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182,

2

1185 (10th Cir.1990)). Delay is generally measured from the filing of the complaint, or from the time when the facts necessitating the amendment became known to the moving party. *See Broom v. Springs Global U.S., Inc.*, 2010 WL 4362851, *2 (N.D. Okla. 2010); *Hayes v. New England Millwork Distrib., Inc.*, 602 F.2d 15, 19-20 (1st Cir. 1979); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Woolsey*, 934 F.2d at 1462 (citations omitted). Excusable neglect is not shown "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Federal Insurance Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir. 1987). Nor does the appearance of new counsel constitute good cause for the filing of untimely pleadings. *See Rhodes v. Amarillo Hosp. Dist.,* 654 F.2d 1148, 1154 (5th Cir. 1981); *Scottsdale Ins. Co., Inc. v. Okla. Transit Authority, Inc.,* No. 06-CV-359-CVE-SAJ*,* 2007 WL 2746928 at **3-4 (N.D. Okla. 2007); *Garcia v. Dillon Companies, Inc.,* 2008 WL 4509821 (D. Colo. 2008).

Here, by plaintiff's own admission, "[t]he additional claims arise out of the same set of core facts" giving rise to plaintiff's original claims. [Dkt. #124 at 2, ¶6]. Plaintiff has provided no adequate reason for its failure to amend before the October 21, 2010 deadline.

### B. Undue Prejudice

Defendant contends the proposed amendment would cause it undue prejudice. The court concurs. The parties–and the court–have invested extensive time and resources in discovery, motion practice and pretrial preparation. The proposed new claims for tortious breach of the implied duty of good faith and fair dealing, constructive fraud, and negligent

3

misrepresentation–although arising from the same facts as the original claims–would require discovery and potential motion practice on whether–as AFS now alleges–Southwest harassed and intimidated its employees, engaged in conduct designed to damage its goodwill and reputation, and took AFS equipment.

### III. Conclusion

For the reasons set forth above, plaintiff's Motion for Leave to File Amended Complaint [Dkt. #124] is denied.

ENTERED this 4th day of August, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma