# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AIRCRAFT FUELING SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SOUTHWEST AIRLINES, CO., )<br>)<br>Defendant. ) | Case No. 08-CV-414-GKF-FHM |

## OPINION AND ORDER

Plaintiff's Motion to Compel, [Dkt. 130], is before the Court for decision. Defendant has filed a response, [Dkt. 147], and Plaintiff has filed a reply, [Dkt. 154].

As an initial matter, Defendant contends that Plaintiff's motion is untimely and should not be considered by the Court because it was filed two years after Defendant's responses and after the discovery deadline. In many cases such a delay would operate as a waiver of the issue. However, the facts of this case suggest that a waiver may not be appropriate. Rather than decline to consider the merits of Plaintiff's motion, the Court will consider the delay when exercising its discretion over the scope and limits of discovery permitted. Fed.R.Civ.P. 26(b)(2)(C). In this regard, at this late stage in this case, the Court will expect Plaintiff to specifically articulate its need for the requested discovery.

Requests for Production 2 - 8:

These requests seek all organizational charts, position descriptions, and other documents that reflect, refer to, or evidence the responsibilities of individual positions in seven of Defendant's departments. Plaintiff does not specifically articulate the relevancy and need for this information.

This aspect of Plaintiff's motion is denied.

Requests for Production 25 - 32:

These requests seek documents relating to the education and training of several named employees of Defendant. In its reply, Plaintiff limits the request to Mr. Hipp and Mr. McCartin. Defendant has agreed to produce the documents relating to Mr. McCartin.

Based upon the limited and specific nature of the request, this aspect of the motion is granted limited to Mr. Hipp and Mr. McCartin.

Request for Production 33:

This request seeks production of:

> all exit interviews, resignation letters, termination notices, correspondence, emails, notes, or other documents between Southwest Airlines and any Southwest Fuel Management employees that left the Southwest Fuel Management department from January 1, 2004 to June 9, 2008 that reflect, refer to, or evidence the employee's reasons for leaving the Southwest Fuel Management department.

[Dkt. 130-1, pg. 50].

In its reply, Plaintiff limits the request to the Fuel Operations group for the years 2004-2006. Plaintiff argues:

> Any documents that reflect the reasons employees left the Fuel Management department could demonstrate internal discord in the department and evidence that the Director of Fuel Operations lacked sufficient education and training for his position, a violation of section 4(S) of the MSA.

[Dkt. 154, p. 8]. Defendant contends these documents are not relevant to any claim or defense in the case.

2

The Court finds that the documents are not relevant. Even if there were some marginal relevance, the Court would not permit this broad unfocused discovery at this late stage of the case.

This aspect of Plaintiff's motion is denied.

Request for Production 51:

Based upon Defendant's statement in its response brief that:

> Southwest does not dispute that it was aware of AFS's insurance coverage. AFS was required under Section 13 of the MSA to have insurance on the projects and to name Southwest as an additional insured, and no one has alleged in this case that the insurance was not provided. Nor has Southwest alleged that the timing of its insurance claims was affected by some misunderstanding about AFS's coverage.

[Dkt. 147, p. 12].

This aspect of Plaintiff's motion is denied.

Requests for Production 64, 77, 90, and 103:

These requests seek bid documents, bidders lists, requests for proposals, submitted bids, responses to requests for proposals and other documents on specific projects.

Plaintiff contends the documents are relevant to show Defendant's intention to seek bids while still working with Plaintiff, support Plaintiff's *quantum meruit* claim and test the credibility of Defendant's assertion that Plaintiff's price for certain work was double what another company bid. Defendant responds that it has produced all documents relating to internal discussions regarding putting the remainder of the projects out to bid and documents concerning discussions with Plaintiff regarding the bidding process. Defendant states Plaintiff also received the documents provided to

3

prospective bidders. What Defendant resists producing is documents received from the other bidders.

Plaintiff's claims in this case do not relate to the work that was let out to bid. Plaintiff did not get the contract for that phase. To the extent that the documents received from other bidders could be relevant to the credibility of the witness who said Plaintiff's bid was double that of another bidder, at best it would be discovery directed to a collateral issue. Balancing the lack of relevance of the requested discovery, Plaintiff's lack of diligence in seeking the discovery, and the needs of the case, this aspect of Plaintiff's motion is denied.

## **Conclusion**

Plaintiff's Motion to Compel [Dkt. 130] is GRANTED in part and DENIED in part as set forth above.

SO ORDERED this 7th day of September, 2011.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE