UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AIRCRAFT FUELING SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE No. 08-CV-414-GKF-FHM |
| | ) |
| SOUTHWEST AIRLINES, CO., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff's Motion for Sanctions for Spoliation of Evidence [Dkt. 135] is before the Court for decision. Defendant has filed a response. [Dkt. 150]. Plaintiff has filed a reply [Dkt. 157] and Defendant was permitted to file a sur-reply [Dkt. 169].

Plaintiff seeks appropriate sanctions, up to the entry of judgment on the issue of liability, for Defendant's alleged destruction of evidence in the form of e-mail. In support of its motion, Plaintiff argues: that Defendant uses an e-mail program which automatically deletes e-mails after 60 days; that Defendant did not suspend the deletion of e-mails when litigation was reasonably anticipated; and that Defendant did not produce in discovery e-mails concerning this dispute which Plaintiff had preserved and produced. From these facts, Plaintiff "infers" that relevant e-mails were destroyed by Defendant and argues that the destroyed e-mails "may have" contained critical evidence, the lack of which severely prejudices Plaintiff.

A party seeking sanctions for destruction of evidence must establish, among other things, that the relevant evidence in fact existed and was destroyed. *Oldenkamp v. United American Ins. Co.*, 2008 WL 4682226, *3 (N.D. Okla. Oct. 21, 2008)

(unpublished).  Plaintiff argues that it would be "unfair and unreasonable" to require Plaintiff to prove that particular relevant e-mails existed and were destroyed.

The Court finds it is not "unfair" to require Plaintiff, as the party seeking the avoidance of a trial on the merits through the establishment of liability as a sanction, to establish its contentions.  Nor is it "unreasonable" to require Plaintiff to produce evidence of its contentions.  If relevant emails existed and were deleted these facts could be established through the testimony of those involved in the communications, through references to the deleted e-mails in other communications, through records from the e-mail system itself, or by way of various other forms of circumstantial evidence.

Plaintiff has offered little or nothing to support its contentions.  The mere fact that Defendant routinely deletes e-mails after 60 days does not provide any basis to infer that relevant e-mails were created and then deleted.  The fact that Plaintiff's document production included some e-mails between Plaintiff and Defendant that were not also included in Defendant's production is somewhat probative, but falls short of establishing that other relevant e-mails were created by Defendant and then destroyed.  Plaintiff has not identified anything in particular within these e-mails, or within any deposition, or within other discovery that indicates anything relevant to the issues is missing.

Plaintiff's Motion for Sanctions for Spoliation of Evidence [Dkt. 135] is denied.

SO ORDERED this 13th day of September, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

2