IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AIRCRAFT FUELING SYSTEMS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUTHWEST AIRLINES CO., ) <br> ) <br> Defendant. ) | Case No. 08-CV-414-GKF-FHM |

**OPINION AND ORDER**

Before the court is Plaintiff's Partial Objection to Opinion and Order of United States Magistrate Judge on Plaintiff's Motion to Compel [Dkt. #185]. The Magistrate Judge, in his September 7, 2011, Opinion and Order on plaintiff Aircraft Fueling Systems, Inc.'s Motion to Compel [Dkt. #130], granted the motion with respect to Requests for Production 25-32 and denied the motion with respect to Requests for Production 2-8, 33, 51 and 64, 77, 90 and 103. Plaintiff objects to the Magistrate Judge's order to the extent it denied the motion.

**I. Standard of Review**

The district court reviews a magistrate judge's order on a nondispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(a); Fed.R.Civ.P. 72(a). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988) quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948). "Because a magistrate is afforded broad discretion in

the resolution of no-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused." *A/R Roofing, L.L.C. v. Certainteed Corp.,* 2006 WL 349015, at \*3 (D.Kan. Nov. 30, 2006).

Plaintiff urges reversal of the magistrate judge's ruling denial of the motion to compel, asserting (1) the magistrate judge improperly considered plaintiff's two-plus year delay in filing its motion to compel and (2) the documents sought were reasonably calculated to lead to the discovery of admissible evidence.

## II. Analysis

### A. Delay in Filing Motion to Compel

Plaintiff asserts the court's July 22, 2011, order granting a limited extension of discovery was dispositive of the question of whether plaintiff delayed unreasonably in filing its Motion to Compel. Plaintiff is incorrect. The court made no finding on the reasonableness of plaintiff's delay. It merely ruled that the motion would be considered. Indeed, the court noted the more than two-year delay and stated, "The lapse of time does not indicate plaintiff was diligent in obtaining discovery within court guidelines."  [Dkt. #138 at 2-3].

Magistrate Judge McCarthy considered the delay in exercising his discretion over the scope and limits of discovery permitted. He rejected defendant's contention that plaintiff's delay in filing the motion operated as a waiver, stating:

> Rather than decline to consider the merits of Plaintiff's motion, the Court will consider the delay when exercising its discretion over the scope and limits of discovery permitted. Fed.R.Civ.P. 26(b)(2)(C). In this regard, at this late stage in this case, the Court will expect Plaintiff to specifically articulate its need for the requested discovery.

[Dkt. #171 at 1]. Rule 26(b)(2)(C) provides that the court, on motion or on its own, "*must* limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it

determines, *inter alia,* that "the party seeking discovery has had ample opportunity to obtain the information by discovery" or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(ii) and (iii) (emphasis added). "The aggrieved party has the obligation to bring a discovery issue to the Court's attention in a timely manner, or offer a good excuse for failure to do so." *Spacecon Specialty Contractors, LLC v. Bensinger,* 2011 WL 782677, at *2 (D. Colo. March 1, 2011].

The Magistrate Judge's consideration of plaintiff's delay was appropriate.

### B. Relevance of Documents Sought

Under Rule 26(b), plaintiff must establish the additional discovery sought is relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Rule 26(b), although broad has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Group Ins. Plan,* 619 F.3d 1151, 1163 (10th Cir. 2010).

#### 1. Requests No. 2-8—Organizational Charts/Job Responsibilities

In Requests for Production 2-8, AFS originally sought the names, positions and all documents that reflect or evidence the job responsibilities of every employee in seven different departments of Southwest over a 10-year period. AFS claimed in its Motion to Compel that "these departments or functions are directly related to the issues in this litigation." [Dkt. #130 at 6]. Southwest submitted the Affidavit of Robert Myrben, the Vice-President of Procurement, which described in detail the reasons Southwest believed the documents sought were not relevant. [Dkt. #147, Ex. 1, Myrben Affidv.] The Magistrate Judge, concluding AFS had not

3

specifically articulated the relevancy and need for the information, denied the motion to compel with respect to these documents.

The court concurs with the Magistrate Judge's ruling.

### 2. Request No. 33—Documents Relating to Resignation/Termination of Fuel Management Employees

AFS sought production of exit interviews, resignation letters, termination notices, correspondence, emails, notes or other documents relating to employees who left the operations side of the Fuel Management department between January 1, 2004, and June 9, 2008, and that reflected the employee's reasons for leaving the department. It stated these documents "could demonstrate internal discord in the department and validate AFS's allegation that the grossly unqualified personnel and dysfunction in the Fuel Management department were partly the cause of numerous breaches of the parties' agreement by Southwest." [Dkt. #130 at 8]. Southwest contended that "whether such alleged breaches were caused by alleged 'dysfunction' in the Fuel Management department is not relevant to any element of either parties' claims or defenses." [Dkt. #147 at 11]. The Magistrate Judge denied the Motion to Compel these documents, concluding, "Even if there were some marginal relevance, the Court would not permit this broad unfocused discovery at this late stage of the case."

The court concurs with the Magistrate Judge. The documents sought are of extremely limited—if any—relevance.

### 3. Requests Nos. 65, 77, 90 and 103—Documents Relating to Bids/Proposals

Plaintiff sought to compel production of bid documents, bidders lists, requests for proposals, submitted bids, responses to requests for proposals and other documents on specific projects. It contended the documents were relevant to its claim that Southwest acted in bad faith by working with plaintiff's competitors to replace AFS while representing to AFS that it

4

intended to abide by the parties' agreement. [Dkt. #130 at 10]. Southwest responded that the document requests were overbroad because they were not limited to the projects at issue. Further, it stated that it had already produced documents related to its internal discussions regarding putting the remainder of the projects out to bid, its discussions with AFS regarding the bidding process, and what documents were provided to prospective bidders because AFS was invited to bid on the projects and thus received those documents itself. [Dkt. #147 at 13]. AFS contended it needed the competitors' bids to test Southwest's claim that the AFS bid price for the Houston project was double the competitor's. [Dkt. #154 at 10]. The Magistrate Judge denied the motion to compel, holding that at best, the discovery was directed to a collateral issue. [Dkt. #171 at 4]. He concluded, "Balancing the lack of relevance of the requested discovery, Plaintiff's lack of diligence in seeking the discovery, and the needs of the case, this aspect of Plaintiff's motion is denied." [*Id.*].

The court agrees with the Magistrate Judge's ruling on this issue.

### III. Conclusion

The Magistrate Judge's Opinion and Order is neither clearly erroneous nor contrary to law. Therefore, plaintiff's Objection to the order [Dkt. #185] is overruled.

ENTERED this 17th day of October, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma