IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AIRCRAFT FUELING SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-414-GKF-FHM |
| ) | |
| SOUTHWEST AIRLINES CO., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the court is Plaintiff's Partial Objection to Opinion and Order of United States Magistrate Judge on Plaintiff's Motion for a Limited Resumption of Depositions. [Dkt. ##173, 184]. In his order on plaintiff Aircraft Fueling Systems, Inc.'s ("AFS") discovery motion [Dkt. #141], Magistrate Judge Frank M. McCarthy granted plaintiff leave to re-depose defendant Southwest Airline Co. ("Southwest") witnesses, Thomas McCartin and Robert Myrben, on the contents of documents Southwest produced after the discovery deadline. The Magistrate Judge denied plaintiff's request for leave to depose the witnesses on documents produced after the witnesses' first depositions (but before discovery cutoff) and on defendant's document retention policies and systems. Plaintiff objects to the Magistrate Judge's order to the extent it denied the motion.

The district court reviews a magistrate judge's order on a nondispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(a); Fed.R.Civ.P. 72(a). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire

1

evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988) quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948). "Because a magistrate is afforded broad discretion in the resolution of no-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused." *A/R Roofing, L.L.C. v. Certainteed Corp.,* 2006 WL 349015, at *3 (D.Kan. Nov. 30, 2006).

AFS deposed McCartin and Myrben on July 21, 2009. [Dkt. #184 at 1]. Subsequently, Southwest produced approximately 1,560 pages of documents, with productions on November 2, 2009, November 10, 2009, and February 18, 2011. [Dkt. #193 at 6]. It served its First Amended Initial Disclosures in October 2010 and its Second Amended Initial Disclosures on April 29, 2011. [*Id.* at 6].

The Magistrate Judge was "not convinced that the documents produced after the discovery deadline do not contain some new relevant information." [Dkt. #173 at 1]. Therefore, he resolved the issue in favor of AFS. [*Id.*]. However, he found the request for leave to re-depose witnesses on documents produced *after* their depositions but *before* discovery cutoff, and on defendant's document retention policies, was simply an effort "to reopen discovery which the Court has previously denied." [*Id.* at 2].

The court concurs with the Magistrate Judge's decision. Plaintiff had ample opportunity to re-depose the witnesses on documents produced subsequent to their depositions but before the discovery deadline. Similarly, plaintiff had the opportunity to conduct discovery document retention policies, but failed to do so by discovery cutoff.

Plaintiff's Partial Objection to Order of United States Magistrate Judge on Plaintiff's Motion for Limited Resumption of Depositions [Dkt. #184] is denied.

ENTERED this 17th day of October, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma