IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

AIRCRAFT FUELING SYSTEMS, INC., )
)
        Plaintiff, )
)
v. ) Case No. 08-CV-414-GKF-FHM
)
SOUTHWEST AIRLINES CO., )
)
        Defendant. )

**OPINION AND ORDER**

Before the court is plaintiff's Objection to Opinion and Order of the United States Magistrate Judge on Plaintiff's Motion for Sanctions for Spoliation of Evidence. [Dkt. #190]. Plaintiff moved for sanctions, up to and including entry of judgment against defendant on the issue of liability, for defendant's alleged destruction of evidence. [Dkt. #135]. Magistrate Judge Frank M. McCarthy denied the motion. [Dkt. #180].

The district court reviews a magistrate judge's order on a nondispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(a); Fed.R.Civ.P. 72(a). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988) quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948).

Plaintiff alleged in its spoliation motion that defendant uses an email program which automatically deletes emails after 60 days; that defendant did not suspend the deletion of emails

1

when litigation was reasonably anticipated; and defendant did not produce in discovery emails related to the dispute which plaintiff had preserved and produced. Plaintiff asserted:

> The fact that Southwest failed to produce a number of plainly relevant emails, which undoubtedly existed on Southwest's servers at the time of the parties' dispute, along with its admission that "Southwest emails are deleted as a matter of course within a very short time period," leads to the inference that these and other relevant emails were destroyed by Southwest.

[Dkt. #157 at 2]. In support of its position, plaintiff submitted copies of documents generated in 2005 which it has produced in this litigation, but which defendant did not also produce. [Dkt. #157, Ex. C]. Plaintiff asserts defendant should have produced the same documents because employees of defendant either generated the documents or received the documents.

Southwest submitted the affidavit of Thomas McCartin, Senior Director in Southwest's Fuel Management Department. [Dkt. #150, Ex. 1, Affidavit of Thomas McCartin]. McCartin stated that with respect to substantive emails regarding projects, it is his practice either to print and place in a paper file or to move the emails to his personal email archives or personal F drive, or to the shared U drive. [*Id.*,¶4]. He stated that other members of the Fuel Operations team have a similar practice and "It is, therefore, unlikely that any substantive emails regarding the projects or dispute with AFS were automatically deleted pursuant to Southwest's document retention policy." [*Id.*]. McCartin stated: "From the point at which the dispute with AFS began to escalate in the Spring of 2005, I am not aware of any emails that were created during this time period that were not maintained either in paper or electronic form." [*Id.*], ¶5].

The Magistrate Judge, in his Opinion and Order, observed:

> The fact that plaintiff's document production included some e-mails between Plaintiff and Defendant that were not also included in Defendant's production is somewhat probative, but falls short of establishing that other relevant e-mails were created by Defendant and then destroyed. Plaintiff has not identified anything in particular within these e-mails, or within any deposition, or within other discovery that indicates anything relevant to the issues is missing.

[Dk.t #180 at 2]. The Magistrate Judge pointed out that if relevant emails existed and were deleted these facts could be established through the testimony of those involved in the communications, through references to the deleted emails in other communications, through records from the e-mail system itself, or by way of various other forms of circumstantial evidence. [*Id.*].

Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Oldenkamp v. United American Insurance Co.,* 2008 WL 4682226, at *2. (N.D. Okla., Oct. 21, 2008). A party seeking sanctions based on spoliation of evidence must establish: (1) that the party having control over the evidence had an obligation to preserve it; (2) that the records were destroyed with a "culpable" state of mind; and (3) that the destroyed evidence was relevant to the movant's claims or defenses. *Id.* A party can only be sanctioned for destroying evidence that it had a duty to preserve and where the moving party was prejudiced by the destruction of the evidence. *Burlington N. & Santa Fe Ry. Co. v. Grant,* 505 F.3d 1013, 1032 (10th Cir. 2007). Magistrate Judge McCarthy found plaintiff had failed to prove the relevant evidence in fact existed and was destroyed. [Dkt. #180 at 1-2].

Based on its review of the pleadings, the court concludes plaintiff has failed to establish that the alleged destroyed evidence was relevant to plaintiff's claims, that plaintiff has been prejudiced, or that defendant had a culpable state of mind.

The Magistrate Judge's decision was not clearly erroneous or contrary to law. Therefore, plaintiff's Objection to Opinion and Order of United States Magistrate Judge on Plaintiff's Motion for Sanctions for Spoliation of Evidence [Dkt. #190] is overruled.

ENTERED this 18th day of October, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma