IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AIRCRAFT FUELING SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CV-414-GKF-FHM |
| | ) |
| SOUTHWEST AIRLINES CO., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the court is the Renewed Motion for Leave to File Amended Complaint [Dkt. #248], filed by plaintiff Aircraft Fueling Systems, Inc. ("AFS") December 1, 2011. Defendant Southwest Airlines Co. ("Southwest") opposes the motion.

This lawsuit was filed in Tulsa County District Court on June 10, 2008 [Dkt. #2-1], and removed to federal court on July 18, 2008. [Dkt. #2]. In its Petition, AFS asserted claims for breach of contract, quantum meruit and indemnity [Dkt. #2-1]. Southwest filed an answer and counterclaims. [Dkt. ##18-19]. Summary judgment motions by both parties were filed, briefed and extensively argued [Dkt. ##60, 67, 76], and the court ruled on the motions, substantially narrowing the scope of issues to be tried. [Dkt. ##75-76]. The deadline for filing motions to amend was October 21, 2010; discovery cutoff was April 29, 2011; trial was set for August 15, 2011 [Dkt. #77]. On June 16 and 17, 2011, new counsel for plaintiff entered appearances and existing counsel withdrew. [Dkt. ##11-115]. On June 20, 2011, plaintiff filed an opposed motion to extend the trial date due to scheduling conflicts of its new attorneys. That motion was

granted, and trial was set for October 17, 2011. [Dkt. ## 115, 119]. On July 22, 2011, the court denied, in large part, a motion by plaintiff to extend discovery. [Dkt. ##123, 138].[1] On September 16, 2011, the court granted another motion by plaintiff to reschedule trial to December 19, 2011. [Dkt. #182].

On July 1, 2011, plaintiff filed a Motion for Leave to File Amended Complaint [Dkt. #124] to add claims for tortious breach of the implied duty of good faith and fair dealing, constructive fraud, and negligent misrepresentation, to seek punitive damages, and to eliminate claims or allegations previously ruled on by the court. On August 4, 2011, the court denied the motion [Dkt. #149]. In so ruling, the court noted that, "by plaintiff's own admission, the additional claims arise out of the same set of core facts giving rising to plaintiff's original claims," and "[p]laintiff has provided no adequate reason for its failure to amend before the October 21, 2010 deadline." [*Id.* at 3].

Plaintiff's renewed motion to amend seeks leave to file the same new claims, but alleges Southwest's late production of additional documents disclosed new facts that "unquestionably provide[] the factual and legal bases" for the proposed claims. [Dkt. #248 at 3].[2]

---

[1] The court reopened discovery for the limited purpose of permitting each side to produce certain documents it had previously failed to produce. [Dkt. #138 at 3]. The documents plaintiff now claims entitle it to amend its complaint were among the documents Southwest produced pursuant to the court's July 22, 2011 order. [Dkt. #138].

[2] The documents, which were produced on October 3, 2011, include a draft of an internal Fuel Projects Audit Report dated November 2003 discussing Southwest's agreement with AFS for fuel projects; a July 15, 2005 interoffice memo from Bob Jordan to Mike Van de Ven attaching a $435,063 request for final completion of the Baltimore project and advising that Southwest had severed its relationship with AFS "[du]e to a number of issues, including cost overruns and poor financial controls;" and email correspondence about whether to include AFS in bids for the Dallas fuel project, in which Tom McCartin stated: "Rather than speculate on rumors, let's see what's up at the time the bid goes out. As of now we will include [AFS] in the bid because we need any goodwill we can muster until the SMF Tank Farm is complete." [Dkt. #248, Exs. C-E].

"The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion, Fed.R.Civ.P. 15(a) and will not be disturbed absent an abuse of that discretion." *Woolsey v. Marion Lab., Inc.,* 934 F.2d 1452, 1462 (10th Cir. 1993) (citations omitted). Refusal of a request to amend is appropriate "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City and County of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005).

The court denied plaintiff's earlier Motion to Amend because plaintiff had no adequate excuse for its delay and the proposed amendment would cause undue prejudice. [Dkt. #149 at 3-4]. Plaintiff's claim that it now has additional evidence supporting the proposed claim does not change the court's earlier conclusion. Plaintiff still concedes the proposed additional claims arise out of the same set of core facts giving rise to its original claims [Dkt. #248 at 13], and trial of this case is only two weeks away. As the court in *Pacamor Bearings, Inc. v. Minebea Co., Ltd.,* stated, "Although the evidence required to support this allegedly wrongful conduct may be described as 'newly discovered,' plaintiffs cannot maintain that they were unaware until recently of the fact that said conduct occurred." 892 F.Supp. 347, 352 (D. N.H. 1995).

Plaintiff's Renewed Motion for Leave to File Amended Complaint [Dkt. #248] is denied. ENTERED this 5th day of December, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma