IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

AIRCRAFT FUELING SYSTEMS, INC.,

        Plaintiff,

vs.

SOUTHWEST AIRLINES CO.,

        Defendants.

Case No.08-CV-414-GKF-FHM

## OPINION AND ORDER

Plaintiff's Motion to Reconsider and to Stay Objection Period, [Dkt. 276], and Plaintiff's Motion for Hearing on Plaintiff's Motion to Reconsider and to Stay Objection Period, [Dkt. 277], are before the undersigned United States Magistrate Judge for decision.[1] The matter has been fully briefed by Plaintiff. Defendant has filed a Notice waiving its response to the motion to reconsider, electing to stand on its previous briefing on the issues raised. [Dkt. 300].

Plaintiff seeks reconsideration of three orders entered by the undersigned. [Dkt. 272; 274; 275]. Those orders: denied Plaintiff's Motion to Compel, [Dkt. 212]; denied Plaintiff's Motion for Hearing on Defendant's Discovery Violations and to Determine Appropriate Remedial Measures, [Dkt. 221]; and denied Plaintiff's Expedited Motion to Compel, [Dkt. 227].

A motion to reconsider, like a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d

---

[1] The request to stay the objection period has already been granted. [Dkt. 280]. That stay is hereby lifted.

1005, 1012 (10th Cir.2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d at 1186 n. 5 (10th Cir.2000). A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Servants of the Paraclete, 204 F.3d at 1012. However, it is not appropriate to use a motion to reconsider to revisit issues already addressed or advance arguments that could have been raised in prior briefing. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991).

The undersigned has thoroughly reviewed the subject orders, the briefing related to those orders, and the motion to reconsider. The undersigned finds that a hearing would not be of material assistance in resolving the motion, therefore Plaintiff's Motion for Hearing, [Dkt. 277], is DENIED.

Plaintiff argues that reconsideration is appropriate based on the undersigned's "apparent misapprehension of AFS's positions" with respect to those motions. [Dkt. 276, p. 1]. Plaintiff states the orders "reflect a fundamental misunderstanding of the relief requested and the bases for the relief sought." Id. at 3. According to Plaintiff the undersigned has misunderstood the issues raised by Plaintiff's motions. Id. at 11. Further, Plaintiff states it is "not raising new issues, but only seeking full consideration of, and a hearing on, matters that are already the subject of briefing before the Court." Id. at 13.

The orders that are the subject of Plaintiff's motion for reconsideration reveal that the undersigned did not misapprehend Plaintiff's positions or fundamentally misunderstand the relief requested or the basis on which relief was sought. Although the orders deny Plaintiff the requested relief, each of the orders clearly and succinctly states the substance

of Plaintiff's request and are directly responsive to the particular request. [Dkt. 272, 274, 275]. Plaintiff's Motion to Reconsider [Dkt. 276] is DENIED.

SO ORDERED this 10th day of January, 2012.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE